## JONES v. MOHLER.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 207. Decided Oct. 22, 1928.

(Judges of the 9th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**NEGLIGENCE.**

(370 C3) Contributory negligence not being plead, and there being no evidence tending to prove contributory negligence, charge upon that subject and submission of special interrogatory thereon, prejudicial error

B. A. Fouche and W. J. Mead, Fremont, for Jones.

Harry Garn and R. A. Hunsinger, Fremont, for Mohler.

HISTORY:—Action in Common Pleas by Jones against Mohler to recover damages for personal injuries. Judgment for Mohler. Jones prosecutes error. Reversed and remanded. No action in Supreme Court prior to date of this publication.

### STATEMENT OF FACTS.

Jones, being a painter, was employed by one Garland to paint a sign over the doorway of the automobile repair shop leased and occupied by Garland. The doorway over which the sign was to be painted was the main entrance to the garage; and next to the garage and in the same building was a business conducted by the owner of the building, defendant Mohler.

Between the building and the street there was quite a space, which was used more or less for the parking of automobiles. The accident occurred in broad daylight. Jones was on a ladder, which was placed in front of the doorway to the garage, the bottom of the ladder being a few feet from the building and resting upon the cement driveway, and the top leaning against the building above the doorway. The ladder was some 15 feet back from the street which ran along by the building. Mohler's car was parked on the lot in the space in front of the building but not on the driveway leading to the garage, and he came out of his part of the building and walked to his automobile, which was in the direction of where Jones was on the ladder, got into his automobile and backed up towards Jones in order to turn his machine to go out into the highway, and as he did so, the ladder either gave way or was pushed over, and Jones fell and was injured very severely.

It was the claim of Jones, and he offered very convincing evidence tending to establish, that Mohler backed his machine against and broke said ladder and caused Jones to fall. The claim of Mohler, as shown by his answer and the evidence in his behalf, was that he did not back his machine against the ladder, but that the ladder, being defective, gave way and caused Jones to fall.

The trial court charged the jury very fully and voluminously upon the subject of contributory negligence and submitted to the jury an interrogatory, by which nine of the jurors found that both Jones and Mohler were guilty of negligence and that the negligence of both combined to directly cause the injury received by Jones.

WASHBURN, P. J.

This special finding of the jury, of course, precludes the idea that a general verdict was found for Mohler on the ground that he did not back his automobile into the ladder, because if he did not do that, he could not have been guilty of negligence, as found by the jury.

The jury having specifically, and as we think rightly, found that Mohler was negligent and that such negligence was a proximate cause of the injury to Jones, should have returned a verdict for Jones; and it is perfectly plain that the reason that was not done was because of the charge of the court on contributory negligence.

An examination of the answer shows that contributory negligence was not plead, and a careful examination and consideration of the record leads us to the unanimous conclusion that there was no evidence tending to prove that Jones was guilty of contributory negligence.

It is thus made apparent that the error committed by the court in charging upon the subject of contributory negligence and submitting a special interrogatory to the jury on that subject, was prejudicial to Jones, and for that error the judgment will have to be reversed. This error was so fundamental and all-embracing in its effect upon the trial as to render it unnecessary and unprofitable to say more in disposing of the case.

For error in charging upon and submitting to the jury the question of contributory negligence of Jones, the judgment is reversed and the cause remanded for retrial.

(Funk, J., and Pardee, J., concur.)